Affirmed and Majority and Concurring Opinions filed August 16, 2007








Affirmed
and Majority and Concurring Opinions filed August 16, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00050-CV

_______________

 

ARMON ALAN GOSS, TERESA A. GOSS, BRYAN HALL, CAROL
HALL,

SEAN HALL, SHANE HALL, ROBY G. PLEMONS, KAREN PLEMONS,
JESSICA PLEMONS, JEFFERY C. KUPER, DIANE KUPER, SARAH KUPER, ERIN KUPER, and
PACIFIC EMPLOYERS INSURANCE COMPANY, Appellants

 

V.

 

KELLOGG BROWN & ROOT INC., individually and as 

successor in interest to the M.W. KELLOGG COMPANY,
Appellee

                                                                                                                                               


On Appeal from 215th District Court

Harris County, Texas

Trial Court Cause No. 02-00615

                                                                                                                                               


 

C O N C U R R I N G  O P I N I O N

 

I respectfully concur.  








The court correctly overrules
appellants= third issue and holds that, presuming the trial court erred as asserted
in appellants= other three issues, the alleged errors probably did not cause the
rendition of an improper judgment because there is no legally sufficient
evidence of causation.  See Tex.
R. App. P. 44.1;  Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.,
184 S.W.3d 760, 784 (Tex. App.CDallas 2005, pet. denied).  I write separately to
specifically address the evidence appellants cite as raising a fact issue as to
proximate cause.

Appellants= only expert regarding the cause of
the explosion was Georges Melhem, and his testimony is the only evidence that
arguably could raise a fact issue as to proximate cause.  Though appellants
cite various parts of Melhem=s testimony concerning Kellogg=s alleged negligence, the following
excepts are the only cited parts in which Melhem arguably addresses causation:

Q.        All right. The third opinion.

A.        If Kellogg engineers recognized the reactivity
of [butadiene] they would have required the use of additional engineering
controls to prevent this incident.

. . . 

Q.        Do you also believe that Kellogg was a cause
of this incident?

A.        Yes.

Q.        Based on everything that you have seen in
this case, your knowledge, your experience, your review of the standards, the
industry practices, was the failure of Kellogg to provide an adequate system,
layers of protection a proximate cause of this incident?

A.        I=m just reading the definition.  Yes,
the answer is yes.

This testimony is conclusory and is
not legally sufficient evidence that Kellogg=s alleged negligence was a proximate
cause of the explosion.  See Coastal Transport Co., Inc v. Crown Cent.
Petroleum Corp., 136 S.W.3d 227, 232 (Tex. 2004) (stating that conclusory
or speculative expert testimony is not legally sufficient).  Furthermore, the
butadiene tank in question had a pressure safety valveCa safety device designed to protect
the tank from failing due to overpressure.  Phillips disabled this valve before
the explosion.  








The majority correctly notes that
Melhem did not identify any specific combination of pressure detection, relief,
and  warning devices that actually would have prevented the explosion and
resulting injuries.  In addition, Melhem did not testify that Kellogg should
have designed or recommended a system that would have been incapable of being
disabled by Phillips=s employees.  Even if some of the systems Melhem generally
described were automatic, they would not have eliminated the potential for
human error because, just as Phillips=s employees disabled the pressure
safety valve, they could have disabled or deactivated the described systems. 
It is evident from the circumstances surrounding the explosion that Phillips
would have deactivated whatever pressure-relief devices were present for the
butadiene tank in question.[1]

For the foregoing reasons, the
evidence is not legally sufficient to support a finding that Kellogg=s alleged negligence was a proximate
cause of the explosion.  Thus, even if the trial court erred as appellants
assert in their other issues, the errors would be harmless. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered and Majority and
Concurring Opinions filed August 16, 2007.

Panel consists of Justices Anderson,
Edelman, and Frost.  (Edelman, J., majority).









[1]See Arguelles v. Kellogg Brown & Root, Inc., 222 S.W.3d 714, 728B31 (Tex. App.CHouston [14th Dist.] 2007, no pet.) (discussing
similar issue regarding same explosion and same defendant in a different case,
in which the summary-judgment evidence was not the same as the evidence at
trial in this case).